HERBERT SPENARD *vs.* RHODE ISLAND TELEVISION
COMPANY, INC.

JUNE 26, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This action of assumpsit, involving the purchase and sale of a certain television set, was heard in the superior court by a justice thereof sitting without a jury and resulted in a decision for the plaintiff for $885 without costs.

The case is before us on defendant's bill of exceptions including five exceptions to evidentiary rulings made during the trial and a sixth to the refusal of the trial justice to permit defendant's counsel to present further arguments after the trial justice had announced his decision. All of these exceptions were expressly waived at the hearing in this court and the sole exception pressed is to the decision of the trial justice.

The declaration seeks recovery only of the sum of $850 paid under the written agreement for the television set. It appears from the transcript and exhibits that on February 1, 1949 plaintiff purchased from defendant a certain television set for the price of $850, on which he made a down payment of $50; that the balance of $800 was later paid in full; that plaintiff paid an additional charge for the installation of an outside aerial; and that defendant agreed in writing that the original set delivered to plaintiff was "to be replaced by brand new set as soon as delivery is possible." It further appears that although often requested to do so by plaintiff, defendant has not tendered a new set in replacement.

The defendant contends that plaintiff entered into a new agreement with him at a later date by which defendant was to furnish a larger and different set on return of the one already delivered to plaintiff plus a payment of $100 extra. The plaintiff admitted that he had some conversation with defendant's agent with reference to an exchange on the above basis, but denied that he had ever signed, or entered into, any agreement such as was claimed by defendant, because the parties could not agree as to the terms or conditions thereof.

In all the circumstances in evidence we cannot agree with defendant's contention that the decision of the trial justice was erroneous as a matter of law. The only witnesses presented were plaintiff himself and defendant's manager. Their stories were decidedly conflicting on all the issues and the decision of the trial justice depended largely on the weight of the evidence and the credibility of the witnesses. In our judgment the issue was one of fact and not of law.

Where the parties, as here, submit the case on matters of fact as well as law to a justice of the superior court sitting without a jury, his findings of fact on conflicting evidence are entitled to great weight and will not be disturbed by us unless they are clearly wrong. *Vitullo* v. *Ambrosino*, 78 R. I. 354; *Lundell* v. *Lamoriello*, 75 R. I. 470; *Berger* v. *Furtado*, 75 R. I. 113; *Bridges* v. *Kerr*, 73 R. I. 487.

We have carefully examined the transcript of testimony and the exhibits herein, and we cannot say that the trial justice either misconceived or overlooked any material evidence or that such decision is clearly wrong except as to the amount. In our opinion this should be reduced to $850, which is the sum claimed by plaintiff in his declaration. Moreover since plaintiff does not contend that he is entitled to have a decision in his favor for the amount awarded and also to retain the original television set delivered to him by the defendant, the above decision is made without prejudice to defendant's rights as to the return of the original television set now in possession of the plaintiff or payment therefor.

The defendant's exception to the decision as to the damages is sustained, all other exceptions are overruled, and the case is remitted to the superior court with direction to enter judgment for the plaintiff in the sum of $850 without costs.

*Isidore Kirshenbaum, Anthony Vacca,* for plaintiff.
*James A. McGuirk,* for defendant.